UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

        Plaintiffs,                             Civil Case No. 15-12519

vs.                                           HON. MARK A. GOLDSMITH

TIMOTHY D. BEETSCHEN, et al.,

        Defendants.
_____/

**OPINION & ORDER
GRANTING MOTION TO RE-CALENDAR CASE FROM ADMINISTRATIVE
CLOSING AND FOR THE DISTRIBUTION OF FUNDS DEPOSITED WITH THE
COURT (Dkt. 30)**

On September 10, 2018, Defendant Scott S. Hadley filed an ex parte motion to re-calendar this case and distribute funds deposited with the Court (Dkt. 30). The Court entered an order allowing any opposition to the relief requested in Hadley's ex parte motion to be filed by March 21, 2019. Defendant Timothy Beetschen filed a timely response (Dkt. 32); and Hadley filed a reply brief in support of his motion (Dkt. 36). For the reasons discussed below, the motion is granted.

## I.    BACKGROUND

On July 15, 2015, Plaintiff Metropolitan Life Insurance Company ("MetLife") filed its complaint in interpleader against defendants Beetschen and Hadley (Dkt. 1), believing the two are rival claimants seeking entitlement to the life insurance benefits payable by reason of the death of their mother, Maxine Hadley. MetLife served as the claims administrator for Maxine Hadley's life insurance benefits. Beetschen, however, pleaded guilty to second degree arson as well as

involuntary manslaughter for causing his mother's death.  See Beetschen's Plea Agreement, Ex. E to Compl. (Dkt. 1-6).  MetLife could not determine the proper beneficiary for the policy proceeds because Michigan's Slayer Statute, Mich. Comp. Laws § 700.2803, may preclude Beetschen from receiving any of the life insurance benefits.  Compl. ¶ 12.

Hadley filed an action in Oakland County Probate Court for the probate of the estate of Maxine Hadley and to determine the applicability of Michigan's Slayer Statute to Beetschen's actions.  In light of the pending probate court matter, the Court granted MetLife's motion to deposit funds with the Court on December 30, 2015 (Dkt. 21).  On April 19, 2016, the probate court found that Beetschen was subject to the Slayer Statute and not eligible to receive the proceeds of Maxine Hadley's life insurance policy.  4/19/2016 Probate Court Opinion, Appendix A to Resp., at PageID.254-255 (Dkt. 32-1).  Beetschen appealed and the parties stipulated to administratively close the present case pending resolution of the probate case (Dkt. 29).

The Michigan Court of Appeals affirmed the probate court.  In re Estate of Hadley, No. 332888, 2017 WL 6542682, at *6 (Mich. Ct. App. Dec. 21, 2017).  The appellate court noted that although the probate court's opinion was somewhat "muddled" and said that Beetschen was "criminally accountable," the opinion was not clearly erroneous because the probate court was aware of and applied the correct legal standard.  Id.  The Michigan Supreme Court subsequently denied Beetschen's application for leave to appeal.  In re Estate of Hadley, 502 Mich. 879, 912 N.W.2d 556 (2018).

On August 14, 2018, the probate court ordered, among other things, that the proceeds of the MetLife policy held by this Court be distributed to Scott Hadley, because Beetschen is barred from receiving the proceeds of his mother's policy by Michigan's Slayer Statute.  8/14/2018

Probate Order, Ex. A to Mot., at PageID.218. Shortly thereafter, Hadley filed the present motion.

## II. ANALYSIS

Beetschen argues that this Court should find that he is not barred from receiving the proceeds of his mother's policy because the state courts reached the wrong result. Resp. at 14. He concludes with the following reasoning:

> Thus, as none of the evidence cited by the probate court proves intent, Appellant respectfully requests that this Honorable Court find that the probate court did not cite sufficient evidence that there was intent in this case, and find that the slayer statute does not apply to Mr. Beetschen, and that he is entitles [sic] to inherit as per his mother's wishes.

Id. However, whether the state courts came to the correct result is not a matter that can be resolved by this Court. The Court must give full faith and credit to state court proceedings.

The full faith and credit statute provides that "judicial proceedings of any court of any such State, Territory or Possession [of the United States] . . . shall have the same full faith and credit in every court within the United States." 28 U.S.C. § 1738. This requires a federal court to give full faith and credit to the judicial proceedings of state courts. Kremer v. Chem. Constr. Corp., 456 U.S. 461, 482 (1982) (citing Allen v. McCurry, 449 U.S. 90, 96 (1980)). Section 1738 "directs a federal court to refer to the preclusion law of the State in which judgment was rendered." Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985). In Michigan, "[r]es judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." Dart v. Dart, 597 N.W.2d 82, 88 (Mich. 1999).

There is no question that this action is between the same parties and the essential facts are identical. Although MetLife brought this as an interpleader action, it was dismissed from the case on December 30, 2015 (Dkt. 22). What remains of this matter is the dispute between Hadley

and Beetschen, which is the same dispute that was resolved in the probate court. Having lost his case in the Michigan courts, he cannot now seek a second bite of the apple in this Court when he would be precluded from doing so in Michigan state courts. Kremer, 456 U.S. 461, 482 (1982).

Accordingly, Hadley's motion to re-calendar case from administrative closing and for the distribution of funds deposited with the court (Dkt. 30) is **GRANTED**. It is ordered that this case be reopened and that the $30,548.70, plus any applicable interest, constituting the remaining group life insurance benefits payable under the Fiat Chrysler Automobiles FCA US LLC Group Life Insurance Plan by reason of the death of Maxine Hadley be disbursed forthwith and made payable to Scott S. Hadley at 45930 Altman Court, Laurel Park, Maryland, 20653. This matter is now closed.

SO ORDERED.

Dated: May 23, 2019             s/Mark A. Goldsmith
       Detroit, Michigan         MARK A. GOLDSMITH
                                       United States District Judge